IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDON UECKERT                                                                PLAINTIFF

V.                              CASE NO. 5:17-CV-05094

STATE FARM BANK, F.S.B.                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

On September 6, 2017, the Court held a hearing on a pending motion, followed by an initial case management conference. The parties presented oral argument on Defendant State Farm Bank, F.S.B's ("State Farm") Motion to Dismiss (Doc. 13). The Court ruled on the Motion from the bench, but now issues the following Order to memorialize its decision. To the extent anything in this Order differs from what was stated from the bench, this Order will control. For the reasons stated below, the Motion to Dismiss (Doc. 13) filed by State Farm is **DENIED**.

## I. BACKGROUND

In the First Amended Complaint, Mr. Ueckert alleges that State Farm repeatedly violated the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.*, ("TCPA") by attempting to collect an alleged credit card debt through a series of collection calls to his cellular phone. State Farm allegedly placed these calls through an automated telephone dialing system ("ATDS"). Mr. Ueckert claims that State Farm placed calls to his cellular phone using phone numbers including, but not limited to, (888) 634-0012. *See* Doc. 9, ¶ 11. On or about October 21, 2016, Mr. Ueckert called State Farm phone number (888) 634-0012 and was directed to an automated system before speaking with a female representative. *See* Doc. 9, ¶ 18. He requested that State Farm cease calling his

cellular telephone using an autodialer and revoked any and all consent to do so. *Id.* at ¶ 20.

However, on October 24, 2016, Mr. Ueckert received two collections calls from State Farm. *Id.* at ¶ 21. Thereafter, he continued to receive calls on an almost daily basis through February 9, 2017. *Id.* at ¶ 26. In total, he claims that State Farm placed at least 125 automated collection calls to his cellular telephone. *Id.* at ¶ 27. He further maintains that the calls occurred at all hours of the day and could not be predicted or anticipated, and would systematically terminate when they were directed to voicemail. *Id.* at ¶ ¶ 20, 25. Finally, Mr. Ueckert claims that State Farm has the capacity to store or produce phone numbers using a random or sequential generator and has the ability to call those numbers. *Id.* at ¶ ¶ 12, 13.

State Farm argues in its Motion to Dismiss that Mr. Ueckert did not provide well-pleaded factual allegations in his First Amended Complaint in order to survive a Rule 12(b)(6) motion to dismiss. To state a plausible cause of action under the TCPA, Mr. Ueckert must allege that: (1) a call was made; (2) the caller used an ATDS or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the recipient. *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). The briefing by both parties solely focuses on whether the First Amended Complaint contains sufficient facts to establish a cause of action as to the ATDS element. State Farm also argues that Mr. Ueckert's request for attorneys' fees should be dismissed because the TCPA does not provide for recovery of attorneys' fees. *See*

Doc. 14, p. 4, 10. However, Mr. Ueckert's request for fees appears only in his catch-all prayer for relief in one of the final paragraphs of the Amended Complaint. Since the issue of fees is not yet ripe, the Court will not address it further in this opinion. *See* Doc. 9, ¶ 41.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require

'detailed factual allegations,' ... it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

## III. DISCUSSION

The subject of contention in the Motion to Dismiss is whether Mr. Ueckert sufficiently pleaded the ATDS element of the TCPA claim. While this Court has not previously reviewed this issue, other district courts have concluded that merely reciting elements—alleging there is an ATDS without any supporting facts—is insufficient to state a claim. *Martin v. Direct Wines, Inc.*, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) (dismissing TCPA claim where plaintiff's complaint simply parroted the language of the statute and included no pertinent facts); *Hanley*, 934 F. Supp. 2d at 983 (concluding that "merely recit[ing] naked facts mimicking the elements of a cause of action under the TCPA" is not sufficient to state a claim). When supporting factual allegations are made, courts find that plaintiffs have met the pleading burden. *Izsak v. Draftkings, Inc.*, 191 F. Supp. 3d 900, 904 (N.D. Ill. 2016) (allowing TCPA claim to proceed where plaintiff provided detailed accounts of automated voice and text messages to establish use of an ATDS); *Connelly v. Hilton Grant Vacations Co., LLC*, 2012 WL 2129364, at *4 (S.D. Cal. June 11, 2012) (ruling that plaintiff's factual allegations allowed the court to infer that the alleged calls were generated by an ATDS); *see also Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (same).

In *Johansen v. Vivant, Inc.*, the court determined that without the benefit of discovery, it was unreasonable to require a plaintiff to elaborate on the specific technical details of a defendant's alleged ATDS. 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

4

However, it was not unreasonable to require a plaintiff to provide the circumstances surrounding the calls that led him to believe the defendant had used an ATDS. *Id.* "This approach does not burden plaintiffs unduly by requiring pleading of technical details impossible to uncover without discovery, rather it necessitates that they plead only facts easily available to them on the basis of personal knowledge and experience." *Id.*

In the instant case, while the factual allegations concerning the alleged ATDS may be sparse, Mr. Ueckert has met the reasonable pleading burden placed upon him. In his First Amended Complaint, Mr. Ueckert alleges that State Farm placed its calls with an automated telephone dialing system. *See* Doc. 9, p. 2. He also provided factual support by detailing the circumstances which led him to believe State Farm used an ATDS. *Id.* at 4. Mr. Ueckert provided details such as the frequency, unpredictability, and the nature of State Farm's calls. *Id.* These facts are enough to satisfy the pleading standard for the ATDS element of a TCPA claim.

State Farm suggests that the Court should look beyond the allegations in the First Amended Complaint and dismiss the case on a finding that State Farm employed a Human Call Initiator ("HCI") phone system to make the alleged calls, and several courts have ruled that this system is not an ATDS for purposes of the TCPA. *See* Doc. 20, p. 2. While that may prove to be the case, "simply presenting an alternative explanation for the facts alleged in the complaint is insufficient to demonstrate that the complaint fails to plausibly suggest a right to relief." *Izsak*, 191 F. Supp. 3d at 905.

## IV. CONCLUSION

For the reasons explained herein, **IT IS ORDERED** that Defendant State Farm Bank, F.S.B's Motion to Dismiss (Doc. 13) is **DENIED**.

Based on the parties' statements at the hearing, **IT IS FURTHER ORDERED** that the parties engage in an expedited period of discovery to commence upon the filing of this Order. In the first 30 days of the expedited discovery period, State Farm is to provide Mr. Ueckert with the call logs generated by State Farm's phone system, the specific type of phone system used, and documents explaining the specific capacity and capabilities of the system. Once the initial 30-day discovery period has concluded, a second 30-day period of discovery will commence. The second 30-day period will allow the parties to engage in any follow-up discovery that is needed to prepare to file and respond to a dispositive motion on the subject of whether the system used by State Farm constitutes an ATDS under the statute. At the expiration of the sixty-day period, State Farm may, if it so chooses, renew its dispositive motion under Rule 56.

**IT IS SO ORDERED** on this \_\_11th\_\_ day of September, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6